U.S. MAGISTRATE COURT
JSH – SDTX
FILED

APR 2 8 2010 2B

CLERK OF COURT
LAREDO DIVISION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 10-62 |
| | § |
| ARNALDO JOSE DILONE | § |

## PLEA AGREEMENT

The United States of America, by and through JOSE ANGEL MORENO, United

States Attorney for the Southern District of Texas and, Michael C. Elliott, Assistant United

States Attorney, and the defendant, ARNALDO JOSE DILONE and the defendant's counsel,

pursuant to Rule **11(c)(1)(A) and/or 11(c)(1)(B)** of the Federal Rules of Criminal Procedure,

state that they have entered into an agreement, the terms and conditions of which are as

follows:

### The Defendant's Agreement

1.    The defendant agrees to plead guilty to the Indictment. The Indictment

charges defendant with **Reentry of Removed Aliens**, in violation of Title 8, United States

Code, Section 1326. The defendant, by entering this plea and plea agreement agrees that

he/she is waiving any right to have the facts the law makes essential to the punishment either

charged in the Indictment or proven to a jury.

## Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 8, United States Code, Section 1326, is imprisonment of not more than 20 years and a fine of not more than $250,000.   Additionally, the defendant may receive a term of supervised release after imprisonment of not more than 3 years.  Title 18, U.S.C. §§ 3559(a) and 3583(b).  Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   Title 18, U.S.C. §§ 3559(a) and 3583(e)(3).  Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court  a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order  payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010,  Houston, Texas 77208, Attention: Finance.

**Fine and Reimbursement**

4.      Defendant understands that under the relevant statutes and United States Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5.      Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Defendant understands the Court will determine the amount of full restitution to compensate all victim(s).

6.      Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (Form OBD-500), by the deadline set by the United States, or if no deadline is set, no later than sentencing.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the Defendant's complete financial disclosure.  Further, the Defendant agrees to make full restitution to any and all victim(s) of the offenses the Indictment charges against the Defendant regardless of the count(s) of conviction.

## Waiver of Appeal

7.     Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal a conviction and appeal the sentence imposed. The defendant agrees to waive the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

8.     In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his/her guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.

9.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10.    The United States agrees to each of the following:

(a)    If defendant pleads guilty to the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b)    At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c)    If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and the defendant's guideline offense level prior to applying U.S.S.G. Section 3E1.1(a) is 16 or higher, the United States agrees to move the Court grant the defendant an additional one (1) level reduction in the defendant's guideline offense level for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(b) based on the defendant timely notifying authorities of defendant's intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources effectively.

## United States' Non-Waiver of Appeal

11.    The United States reserves the right to carry out its responsibilities under statutory and guidelines sentencing.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d)  to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e)  to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, as well as the provisions of Title 18, U.S.C. § 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for any of those reasons alone or in combination, withdraw a guilty plea, and will remain bound to fulfill all of the

obligations under this plea agreement.

## Rights at Trial

13.    Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

    (c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

14.    Defendant is pleading guilty because he/she _is_ guilty of the charges contained in the Indictment, and the facts set forth for by the United States meet the elements of the crime he/she is pleading guilty to on this date. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following

facts, among others would be offered to establish the Defendant's guilt:

1)     Defendant is a native and citizen of **the Dominican Republic** with no documents allowing him to enter, travel through, or remain in the United States.

2)     Defendant had been denied admission, excluded, deported or removed from the United States on or about **March 26, 2003,** from **Miami, FL** to **the Dominican Republic**.

3)     Defendant was thereafter found in the United States on or about **December 8, 2009, near Laredo, TX.**

4)     There is no record that the defendant has ever applied for or received the permission of the United States Attorney General or the Secretary of the Dept. Of Homeland Security to re-enter the United States after his deportation.

### Breach of Plea Agreement

15.     If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used

against defendant in any prosecution. Additionally, all statements made pursuant to this plea agreement will be admissible against defendant who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

16.     Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## Complete Agreement

19.     This written plea agreement, consisting of 12 pages, including the attached addendum of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

20.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Laredo, Texas, on ___4/28___ , 2010.


_____
ARNALDO JOSE DILONE
Defendant

Subscribed and sworn to before me on ___4/28___ , 2010.


UNITED STATES DISTRICT CLERK

By: _____

Deputy United States District Clerk

APPROVED:

JOSE ANGEL MORENO
United States Attorney

By: _____
MICHAEL C. ELLIOTT
Assistant United States Attorney

_____
ADRIAN CHAPA
Attorney for Defendant